IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-08-640-6 |
| | § | |
| SHIRLEY ADGER | § | (Civil Action No. H-12-3445) |

## MEMORANDUM AND ORDER

This criminal prosecution is before the Court on Defendant Shirley Adger's motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. # 593]. By prior Order [Doc. # 594], the Court dismissed the claims related to the imposition of restitution, the calculation of her offense level, and the imposition of a leadership enhancement as not cognizable under § 2255. The United States filed a Motion to Dismiss [Doc. # 596] seeking dismissal of the remaining ineffective assistance of counsel claim. The Court has carefully reviewed all pertinent matters in this criminal case. Based upon this review, the Court's clear recollection of the proceedings in this case, and the application of relevant legal authorities, the Court **denies** the § 2255 Motion based on the claim of ineffective assistance of counsel, and **dismisses** the corresponding civil action (No. H-12-3445), for reasons set forth below and in the Court's prior Order.

P:\ORDERS\11-2012\3445Adger.wpd   130307.0841

## I.     BACKGROUND

In March 2009, Adger and four co-defendants were charged by Superseding Indictment [Doc. # 90] with conspiracy to commit mail fraud and wire fraud in connection with procuring fraudulent mortgages for residential property. Adger was charged with one substantive count of wire fraud. Adger worked at Motown Mortgage Group as a loan processor. Adger was charged with participating in compiling and forwarding falsified documents to various lenders in support of applications for mortgage loans.

Adger proceeded to trial before a jury in January 2010. The jury returned a verdict of guilty.

The Presentence Investigation Report ("PSR") [Doc. # 349] used a base offense level of 7, increased 18 levels for an amount of loss in excess of $2.5 million. Specifically, the PSR recommended that Adger be held accountable for a loss amount of $4,368,999.25. The PSR included a recommendation for a two-level adjustment because the offense involved more than 10 victims, and a two point adjustment because the offense involved sophisticated means. The PSR further recommended a three-level adjustment based on Adger's role of manager/supervisor. Adger, through counsel, filed extensive written objections to the PSR. *See* Adger's Objections [Doc. # 313].

At sentencing, after hearing the arguments of counsel, the Court overruled Adger's objections, but departed downward from the Sentencing Guidelines based on Adger's mental and emotional condition, and her diminished capacity. The Court sentenced Adger to a term of imprisonment of sixty (60) months, well below the Guideline range of 121-151 months. On February 10, 2011, the Court entered an Order [Doc. # 487] requiring Adger to pay restitution in the amount of $4,004,028.00, the amount requested by and proven by the United States.

Adger filed a timely Notice of Appeal. The Fifth Circuit affirmed Adger's conviction and sentence. *See* Fifth Circuit Decision [Doc. # 586]. Adger's petition for a writ of certiorari to the United States Supreme Court was denied.

Adger filed her § 2255 Motion on November 15, 2012. In the § 2255 Motion, Adger challenged the imposition of restitution, the calculation of her offense level, and the imposition of a leadership enhancement. The Court dismissed these three claims as not cognizable under § 2255. Adger also asserted that her right to effective assistance of counsel was violated at sentencing. The § 2255 Motion as to this claim has been fully briefed and is ripe for decision.

## II. STANDARD OF REVIEW

To obtain collateral relief under 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United*

*States v. Frady*, 456 U.S. 152, 166 (1982). "Following a conviction and exhaustion or waiver of the right to direct appeal, [courts] presume a defendant stands fairly and finally convicted." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). "As a result, review of convictions under [§] 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *Frady*, 456 U.S. at 166. Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel, "since no opportunity existed [before the district court] to develop the record on the merits of the allegations." *United States v. Higdon*, 832 F.2d 312, 313-14 (5th Cir. 1987); *see also Massaro v. United States*, 538 U.S. 500 (2003).

### III.   INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Defendant asserts that she was denied effective assistance of counsel. Specifically, she asserts that her defense attorney (1) failed to move for a downward adjustment for her minor role; (2) failed to object to the Court grouping the fraud, wire fraud, mail fraud, and substantive wire fraud counts; (3) failed to object to the amount of restitution; and (4) "failed to identify that defendant did not know co-defendants (other than a working relationship)."

### A. **Applicable Legal Standard**

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to have the assistance of counsel. *See* U.S. CONST. amend. VI; *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). The right to counsel guaranteed by the Sixth Amendment includes "the right to the *effective* assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). Claims for ineffective assistance of counsel are analyzed under the following two-prong standard:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail under this standard, a defendant must demonstrate both constitutionally deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).

The first prong of the governing standard is not satisfied unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate

the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.  To establish ineffective assistance of counsel, defense counsel must have "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Id.* at 687.  "There is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"  *United States v. Webster,* 392 F.3d 787, 793 (5th Cir. 2004) (quoting *Strickland,* 466 U.S. at 689).

To prove prejudice, a defendant must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Therefore, the prejudice analysis focuses on whether the alleged errors by counsel, separately or cumulatively, undermine "confidence in the process afforded the criminally accused."  *Virgil v. Dretke*, 446 F.3d 598, 612 (5th Cir. 2006).

**B.    Analysis**

Adger complains that her defense counsel failed to move for a downward adjustment for minor role.  The PSR recommended a three-level ***upward*** adjustment based on Adger's role of manager/supervisor.  Although not characterized as a motion

for a ***downward*** adjustment, Defense counsel argued zealously against the upward adjustment. Defense counsel filed a written objection [Doc. # 313] to the upward adjustment, filed a Sentencing Memorandum arguing that Adger should not receive the upward adjustment based on having a managerial role, and argued at sentencing against the upward adjustment. The Court, however, found that Adger was a "key player." *See* Sentencing Transcript [Doc. # 504], p. 8. The Court specifically found that Adger's role in the offense included supervision of others, and overruled the objection. *See id.* at 21. Adger's complaint that her attorney provided constitutionally ineffective assistance by failing to challenge the adjustment for her role in the offense is clearly refuted by the record.[1]

Adger complains that defense counsel failed to object to the Court "grouping" certain counts. The PSR noted that the grouping rules in the Sentencing Guidelines applied because the counts of conviction involved substantially the same harm. Under the applicable grouping rules, the offense level for the two convictions was based on the offense level for the more serious of the counts. In this case, the two counts for which Adger was convicted had identical offense levels. As a result, defense counsel's representation was not deficient in any way. There was no legal basis to

---

[1] The Court's finding that an upward adjustment was warranted demonstrates that a minor role adjustment was implicitly rejected.

object to grouping, and the two counts that were grouped had identical offense levels. Adger is not entitled to § 2255 relief on this claim.

Adger asserts that her attorney failed to object to the amount of restitution and the government's method of calculating the restitution. The record refutes Adger's allegation. Her defense attorney filed a written objection [Doc. # 313] challenging the calculation of the amount attributable to Adger. Defense counsel also filed a Sentencing Memorandum [Doc. # 355] challenging the loss calculation as to Adger. At sentencing, defense counsel argued that Adger should be held responsible for a lesser amount. The Court agreed with part of defense counsel's objection, reducing the loss amount attributable to Adger. Ultimately, after considering all the arguments asserted by defense counsel, the Court imposed restitution against Adger, jointly and severally with a co-defendant, in the amount of $4,004.028.00. *See* Order [Doc. # 487]. Adger's § 2255 claim of ineffective assistance of counsel on this issue is without merit and is denied.

Adger's final ineffective assistance of counsel claim is that her attorney failed "to identify that defendant did not know co-defendants (other than a working relationship)." It is unclear what Adger means by this allegation. The alleged criminal activity involved Adger and people with whom she worked. The absence of a personal relationship apart from work was irrelevant to any of the issues at trial or

at sentencing. Indeed, defense counsel argued that Adger was controlled by co-defendant Anthony Hawkins, and the Court agreed. The Court found that Hawkins obtained Adger's participation in the fraudulent scheme through "a completely false and perverted use of religion." *See* Sentencing Transcript, p. 35. Based in part on the finding that Hawkins – with whom Adger had a working relationship – abused Adger's personal religious faith, the Court departed downward to a sentence of sixty (60) months, well below the guideline range of 121-151 months.

Adger received effective representation from her defense counsel, and her claims to the contrary are without merit. Her request for relief under § 2255 based on the claim of ineffective assistance of counsel is denied.

## IV. CERTIFICATE OF APPEALABILITY

Any review of this Court's decision on Defendant's post-judgment motion for relief from her sentence is governed by the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), codified as amended at 28 U.S.C. § 2253(c). Therefore, a certificate of appealability is required before an appeal may proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability).

A certificate of appealability will not issue unless the movant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a movant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find the assessment of Defendant's claims debatable or wrong. Because Defendant does not allege facts showing that any of her claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.  **CONCLUSION AND ORDER**

Defendant's claims regarding her restitution, the calculation of her offense level, and the imposition of a leadership enhancement are not cognizable under

§ 2255. She has failed to demonstrate that her defense counsel rendered constitutionally ineffective assistance. As a result, Defendant is not entitled to relief under 28 U.S.C. § 2255, and it is hereby

**ORDERED** that Defendant Shirley Adger's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [Doc. # 593] is **DENIED** and the corresponding civil action (H-12-3445) is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 7th day of **March, 2013**.

Nancy F. Atlas
United States District Judge